IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER JASON PURKHISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-214 |
| | ) | |
| ANNA RUTH PURKHISER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.      SCREENING THE COMPLAINT**

**A.      BACKGROUND**

Plaintiff names his wife, Anna Ruth Purkhiser, as the sole Defendant. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges his wife, a soldier at Fort Gordon Military Installation in Augusta, Georgia, falsely accused him of sexual assault. (Id. at 4.) Ms. Purkhiser committed perjury by making a false statement to her commanding officer and the military police when she reported Plaintiff beat, strangled, slammed her to the floor, and sexually assaulted her. (Id.)

Mrs. Purkhiser received the rash from poison, making it impossible for Plaintiff to have sexually assaulted her. (Id.) Medical records prove Plaintiff did not sexually assault his wife. (Id.) Mrs. Purkhiser admitted to three witnesses she received bruises on her body from military training. (Id.)

Although Plaintiff does not identify the federal criminal proceedings, court records show he was indicted on September 10, 2018, on two counts of assault based on the allegations made by his wife.[1] United States v. Purkhiser, CR 118-060, doc. no. 5 (S.D. Ga. Sept. 10, 2018). Plaintiff was detained until the charges were resolved when Plaintiff pled guilty to an information charging him with one violation of 18 U.S.C. § 113(a)(4). United States v. Purkhiser, CR 119-134 (S.D. Ga. Oct. 3, 2019). In pleading guilty, Plaintiff agreed to the accuracy of the following facts: "On or about August 11, 2018, in the Southern District of Georgia, at a place within the special maritime and territorial jurisdiction of the United States, namely Fort Gordon Military Installation, [Plaintiff] did assault A.P., by wounding A.P." Id., doc. no. 7, pp. 1-2. Plaintiff was sentenced to time served and placed on one year of probation, and the felony charges from CR 118-060 were dismissed. Id., doc. no. 9.

For relief, Plaintiff seeks to have his name restored, Mrs. Purkhiser punished in the same manner he was punished, Mrs. Purkhiser required to attend anger management and parenting classes, and Mrs. Purkhiser ordered to pay for all damages caused by the sexual assault allegation. (Id. at 5.)

**B.   DISCUSSION**

    **1.   Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S.

3

89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Here, the complaint is devoid of any federal claim or cause of action.

Plaintiff does not indicate in the complaint the basis for federal jurisdiction. (Doc. no. 1, p. 4.) However, Plaintiff's claim does not arise under either one of the three types of subject matter jurisdiction. As to diversity of citizenship, Plaintiff and Mrs. Purkhiser are both citizens of the state of Georgia. (Id. at 3-4.) Moreover, when asked to name the specific federal statute if the basis for jurisdiction is a federal question, Plaintiff merely states he is refiling his previously dismissed civil case Purkhiser v. Purkhiser, CV 119-183 (S.D. Ga. Dec. 4, 2019). However, the Court recommended dismissal of CV 119-183 because the only statutes cited by Plaintiff in support of his three "counts" raised against Mrs. Purkhiser were state criminal statutes. Id., doc. no. 8. As the Court explained in its report and recommendation, as a private citizen, Plaintiff may not force prosecutors to bring criminal charges against his wife. Id. at 5-6. In the current action, Plaintiff again lists several state criminal statutes in support of his claim, none of which provide a basis for federal question jurisdiction. (Doc. no. 1-1, p. 1); see also Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Therefore, because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his complaint must be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED,** Plaintiff's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), Plaintiff's Motion for Discovery be **DENIED AS MOOT**, (doc. no. 3),

5

and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA